on appeal and upon typewritten or mimeographed appellants' points, on condition that the appellants serve one copy of the typewritten record and one copy of the typewritten or mimeographed appellants' points upon the attorney for the respondents (the Corporation Counsel) and file 6 copies of the typewritten record on appeal and 6 typewritten or 19 mimeographed appellants' points with this court on or before March 1, 1960, with notice of argument for the April 1960 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

■ DAVID LEVINS, Appellant, v. TROY ASSOCIATES, INC., et al., Respondents, et al., Defendants.— Order denying motion for summary judgment affirmed, with $20 costs and disbursements of this appeal to abide the event. Plaintiff, if he is so advised, may amend his complaint to allege an alternative cause or causes of action on the earlier note or the underlying debt. In that event, he may, if he wishes, make a new motion for summary judgment or he may move for prompt trial under rule V of the New York County Supreme Court Trial Term Rules, or under subdivision 3 of rule 151 of the Rules of Civil Practice. Concur — Botein, P. J., Breitel, M. M. Frank and Valente, JJ.; Rabin, J., dissents in the following memorandum: I dissent and vote to strike the answer of the defendants named in the notice of motion and to grant summary judgment in favor of plaintiff against those defendants. I believe the issue that the defendants attempt to raise is sham and is not advanced in good faith. At the point where the defendant stopped paying they were in a better position with respect to the method of paying interest, than they would have been had the note been changed as defendants claim it should have been before delivery. This indicates that the refusal to continue payments was not for the reason asserted and that this issue which they attempt to raise is purely a feigned one. Furthermore, it is inconceivable that the defendants would have allowed 17 payments to be collected if in fact the note was only conditionally delivered. They should have been aware — and the record discloses that some of them were actually aware — of the fact that interest was being collected in the manner in which the note was originally written.

(Republished.)

■ DAVID LEVINS, Appellant, v. TROY ASSOCIATES, INC., et al., Respondents, et al., Defendants.— Order denying motion for summary judgment affirmed, with $20 costs and disbursements of this appeal to abide the event. Plaintiff, if he is so advised, may amend his complaint to allege an alternative cause or causes of action on the earlier note or the underlying debt. In that event, he may, if he wishes, make a new motion for summary judgment. Or he may move for prompt trial under rule V of the New York County Supreme Court Trial Term Rules, or under subdivision 3 of rule 151 of the Rules of Civil Practice. Concur — Botein, P. J., Breitel, M. M. Frank and Valente, JJ.; Rabin, J., dissents in the following memorandum: I dissent and vote to strike the answer of the defendants named in the notice of motion and to grant summary judgment in favor of plaintiff against those defendants. I believe the issue that the defendants attempt to raise is sham and is not advanced in good faith. At the point when payments were stopped the defendants were in a better position with respect to the method of paying interest, than they would have been had the note been changed as defendants claim it should have been before delivery. This indicates that the refusal to continue payments was not for the reason asserted and that this issue which they attempt to raise is purely a feigned one. Furthermore, it is inconceivable that the defendants would have allowed 17 payments to be collected if in fact the note was only conditionally delivered. They should have been aware — and the record discloses that some of them